UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ASHLEY COLEMAN, | CIVIL ACTION NO. |
|---|---|
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| DELBERT SERVICES CORPORATION, a Nevada Corporation; | **JURY TRIAL DEMANDED** |
| Defendant | |

_____

### CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, ASHLEY COLEMAN (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this

District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in New Orleans, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. DELBERT SERVICES CORPORATION (hereinafter referred to as "DEFENDANT") is a Nevada Corporation, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about May 20, 2013, PLAINTIFF applied for a consumer loan with Western Sky Financial, LLC ("Western Sky") for the amount of $2,600, which included the loan amount of $2,525 plus a $75 origination fee.

11. Interest was set to accrue at 135%.

12. PLAINTIFF made payments on the loan from June 2013-August 2013 before she became unable to continue making payments on the debt.

13. Upon information and belief, DEFENDANT serviced the loan prior to PLAINTIFF'S default.

14. On or about January 31, 2014, the debt was charged off due to nonpayment.

15. On or about February 5, 2014, DEFENDANT sent PLAINTIFF an initial collection letter identifying Consumer Loan Trust as the current creditor and seeking to collection the then current balance totaling $4,526.95.

16. On or about February 12, 2014, PLAINTIFF faxed DEFENDANT correspondence disputing the debt.

17. DEFENDANT did not provide verification in response to PLAINTIFF'S February 12, 2014 correspondence.

18. On or about April 17, 2014, DEFENDANT sent another collection letter to PLAINTIFF. According to the collection letter, the current balance as of April 17, 2014 was $5,221.51.

19. On or about May 20, 2014, DEFENDANT sent another collection letter to PLAINTIFF. According to the collection letter, the current balance as of May 20, 2014 was $5,538.75.

20. On or about June 13, 2014, DEFENDANT sent another collection letter to PLAINTIFF. According to the collection letter, the current balance as of June 13, 2014 was $5,759.37.

21. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.

PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

22. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes:

- a. Class Number One: A class consisting of Louisiana consumers, or a nationwide class depending on the circumstances, who:
    i. Within one year prior to the filing of this action;
    ii. Received a communication in connection with the attempt to collect a debt which includes interest accruing at a rate exceeding the maximum amount permitted by § 3519 of the Louisiana Consumer Credit Law.
- b. Class Number Two: A class consisting of Louisiana consumers, or a nationwide class depending on the circumstances, who:
    i. Within one year prior to the filing of this action;
    ii. Paid interest exceeding the maximum amount permitted by § 3519 of the Louisiana Credit Law.

24. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

25. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(2), e(5), e(10), f(1) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASSES NUMBERS ONE AND TWO

26. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27. A debt collector is prohibited from misrepresenting "the character, amount, or legal status of any debt". 15 U.S.C. § 1692e(2)(A).

28. A debt collector is prohibited from making a "threat to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5).

29. A debt collector is also prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

30. Finally, a debt collector is prohibited from collecting "any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law". 15 U.S.C. § 1692f(1).

31. Here, DEFENDANT attempted to collect a debt it was not legally entitled to collect.

///

32. Pursuant to La. R.S. 9:3519 A:

> A. The maximum loan finance charge for any consumer loan other than one made with a lender credit card that may be charged, contracted for or received by a licensed lender or supervised financial organization may equal but not exceed:
>
> (a) Thirty-six percent per year for that portion of the unpaid principal amount of the loan not exceeding one thousand four hundred dollars;
>
> (b) Twenty-seven percent per year for that portion of the unpaid principal amount of the loan exceeding one thousand four hundred dollars and not exceeding four thousand dollars;
>
> (c) Twenty-four percent per year for that portion of the unpaid principal amount on the loan exceeding four thousand dollars and not exceeding seven thousand dollars; and
>
> (d) Twenty-one percent per year for that portion of the unpaid principal amount of the loan exceeding seven thousand dollars.

33. PLAINTIFF'S loan is a consumer loan as defined under La. R.S. 9:3516(14).

34. Pursuant to La. R.S. 9:3513, a "consumer may not waive or agree to forego rights or benefits under this chapter".

35. Here, DEFENDANT is attempting to collect debt comprised of an interest rate far exceeding the rate permitted by Louisiana law.

36. PLAINTIFF borrowed $2,525 in May of 2013. She was charged a $75 origination fee with interest set to accrue at a 135% rate.

37. Despite making 3 payments on the debt, DEFENDANT attempted to collect, in May of 2014 (one year later), $5,538.75, more than double the amount of the original loan.

38. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

39. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF, on behalf of herself and those similarly situated, is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692g(b) BROUGHT BY PLAINTIFF INDIVIDUALLY

40. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 39 inclusive, above.

41. With regards to a disputed debt, the FDCPA provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector**. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

42. As set forth above, PLAINTIFF faxed DEFENDANT correspondence disputing the debt on February 12, 2014.

43. DEFENDANT did not provide verification in response to PLAINTIFF'S February 12, 2014 correspondence.

44. Nevertheless, DEFENDANT continued its collection attempts by sending collection letters to PLAINTIFF on April 17, 2014, May 20, 2014, and June 13, 2014.

45. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

46. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

47. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

DATED this __ day of July 2014.

                                          **GESUND LAW OFFICES, LLC**

                                              */s/ Keren E. Gesund, Esq.*
                                              Keren E. Gesund, Esq.
                                              Louisiana Bar No. 34397
                                              166 Country Club Drive
                                              New Orleans, LA 70124
                                              Tel: (702) 300-1180
                                              gesundk@gesundlawoffices.com
                                              Attorney for Plaintiff